MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, suite 4510
New York, New York 10165

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
GUILLERMO ZEAS and CARLOS ALVARO
MONTIEL GUTIERREZ, *individually and on*
*behalf of others similarly situated,*

*Plaintiffs*,

-against-

OBAM MANAGEMENT INC. (d/b/a PITA
GRILL), EAST MEETS WEST LLC (d/b/a
PITA      GRILL),      LITTLE      VILLAGE
RESTAURANT INC. (d/b/a PITA GRILL),
441 PARTNERS INC. (d/b/a PITA GRILL),
TEN28 MANAGEMENT INC. (d/b/a PITA
GRILL), JOHN DOE CORP. (d/b/a PITA
GRILL),     OFER     BITON,     BENNETT
ORFALY, JOHN DOE 1, JOHN DOE 2, and
JUAN MANUEL PEREZ,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b) AND RULE 23
CLASS ACTION**

**ECF Case**

Plaintiffs Guillermo Zeas and Carlos Alvaro Montiel Gutierrez, individually and on

behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against, Obam

Management Inc. (d/b/a Pita Grill), East Meets West LLC (d/b/a Pita Grill), Little Village

Restaurant Inc. (d/b/a Pita Grill), 441 Partners Inc. (d/b/a Pita Grill), Ten28 Management Inc.

(d/b/a Pita Grill), John Doe Corp. (d/b/a Pita Grill) ("Defendant Corporations"), Ofer Biton,

Bennett Orfaly, John Doe 1, John Doe 2, and Juan Manuel Perez, (collectively, "Defendants"),

allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs are former employees of defendants Obam Management Inc. (d/b/a Pita Grill), East Meets West LLC (d/b/a Pita Grill), Little Village Restaurant Inc. (d/b/a Pita Grill), 441 Partners Inc. (d/b/a Pita Grill), Ten28 Management Inc. (d/b/a Pita Grill) John Doe Corp. (d/b/a Pita Grill) ("Defendant Corporations"), Ofer Biton, Bennett Orfaly, John Doe 1, John Doe 2, and Juan Manuel Perez, (collectively, "Defendants").

2.     Defendants Ofer Biton, Bennett Orfaly, John Doe 1, John Doe 2, and Juan Manuel Perez, own a chain of restaurants in the New York metropolitan area; the relevant locations for this matter are located at 441 Third Avenue, New York, NY 10016 (Pita Grill Third Avenue), 1028 Amsterdam Avenue, New York, NY 10025 (Pita Grill Amsterdam Avenue), and 1603 Second Avenue, New York, NY 10028 (Pita Grill Second Avenue) and operate under the trade name "Pita Grill."

3.     Upon information and belief, Defendants Ofer Biton, Bennett Orfaly, John Doe 1, John Doe 2, and Juan Manuel Perez, serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated a chain of health food restaurants as a joint or unified enterprise.

4.     Plaintiffs were primarily employed as delivery workers, but they were required to spend a considerable part of their work day performing non-tipped, non-delivery duties, including but not limited to cutting vegetables, dishwashing, cleaning and stocking vegetables, washing dishes and pots, receiving and storing food, supplying deliveries, bringing up food and other items for the cooks, transporting food to and from other Pita Grills, preparing salads, refilling stations for the cooks, sweeping, mopping, and vacuuming, and deconstructing and tying boxes (hereinafter, "non-delivery, non-tip duties").

5.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality Plaintiffs' duties required a significant amount of time spent in non-tipped, non-delivery duties.

8.     Regardless, Defendants paid Plaintiffs at a rate lower than the minimum wage.

9.     Under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded twenty percent of each workday, or 2 hours per day, whichever was less in each day.  12 N.Y.C.R.R. §146.

10.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay Plaintiffs the lower tip-credited rate.

11.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a chain of health restaurants located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

17.     Plaintiff Guillermo Zeas ("Plaintiff Zeas" or "Mr. Zeas") is an adult individual residing in Queens County, New York.  Plaintiff Zeas was employed by Defendants from approximately March 2015 until on or about July 2017. During the course of his employment, Plaintiff Zeas worked at Defendants' Third Avenue and Amsterdam Avenue locations.

18.      Plaintiff Carlos Alvaro Montiel Gutierrez ("Plaintiff Montiel" or "Mr. Montiel") is an adult individual residing in Bronx County, New York. Plaintiff Montiel was employed by Defendants from approximately August 2015 until on or about December 2015. During the course of his employment, Plaintiff Montiel worked at Defendants' Third and Second Avenue Locations.

*Defendants*

19.     At all relevant times, Defendants own, operate, and/or control chain of health food restaurants around the New York metropolitan area.

20.     Upon information and belief, Defendant Obam Management Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 441 Third Avenue, New York, New York 10021.

21.     Upon information and belief, Defendant East Meets West LLC, ("Pita Grill" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 441 Third Avenue, New York, NY 10021.

22.     Upon information and belief, Defendant Little Village Restaurant Inc. ("Pita Grill" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at

441 Third Avenue, New York, NY 10021.

23.    Upon information and belief, Defendant 441 Partners Inc., ("Pita Grill" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 441 Third Avenue, New York, NY 10021.

24.    Upon information and belief, Defendant Ten28 Management Inc., ("Pita Grill" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 1028 Amsterdam Avenue, New York, NY 10025.

25.    Upon information and belief, John Doe Corp. ("Pita Grill" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1603 Second Avenue, New York, NY 10028.

26.    Upon information and belief, Defendant Ofer Biton is an individual engaging (or who was engaged) in business with this judicial district during the relevant time period. Defendant Ofer Biton is sued individually in his capacity as an owner, officer and/ or agent of the Defendant Corporations. Defendant Ofer Biton possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

27.    Upon information and belief, Defendant Bennett Orfaly is an individual engaging (or who was engaged) in business with this judicial district during the relevant time period.

Defendant Bennett Orfaly is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. Defendant Bennett Orfaly possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28.     Upon information and belief, Defendant John Doe 1 is an individual engaging (or who was engaged) in business with this judicial district during the relevant time period. Defendant John Doe 1 is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. Defendant John Doe 1 possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

29.     Upon information and belief, Defendant John Doe 2 is an individual engaging (or who was engaged) in business with this judicial district during the relevant time period. Defendant John Doe 2 is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. Defendant John Doe 2 possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

30.     Upon information and belief, Defendant Juan Manuel Perez is an individual

engaging (or who was engaged) in business with this judicial district during the relevant time period. Defendant Juan Manuel Perez is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. Defendant Juan Manuel Perez possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

31.     Defendants operate a chain of health food restaurants located at various locations around Manhattan in New York City.

32.     Individual Defendants Ofer Biton, Bennett Orfaly, John Doe 1, John Doe 2**,** and Juan Manuel Perez, possess operational control over Defendant Corporations; possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

37.     Upon information and belief, individual Defendants Ofer Biton, Bennett Orfaly, John Doe 1, John Doe 2, and Juan Manuel Perez operate Defendant corporations as either an alter ego of themselves, and/or fail to operate Defendant corporations as legal entities separate and apart from themselves by, among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over them as closed corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  other actions evincing a failure to adhere to the corporate form.

38.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

39.    In each year from 2015 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

41.    The Plaintiffs are former employees of the Defendants who were ostensibly employed as delivery workers. However, they spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

42.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Guillermo Zeas*

43.    Plaintiff Zeas was employed by Defendants from approximately March 2015 until on or about July 2017.

44.    Defendants ostensibly employed Plaintiff Zeas as a delivery worker.

45.    However, Plaintiff Zeas was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

46.    Although Plaintiff Zeas was ostensibly employed as a delivery worker, he spent over twenty percent of each day performing non-delivery work throughout his employment with Defendants.

47.    Plaintiff Zeas regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

48.    Plaintiff Zeas's work duties required neither discretion nor independent judgment.

49.    From approximately March 2015 until on or about July 2017, Plaintiff Zeas worked at the Third Avenue and Amsterdam Avenue locations for approximately 36 to 42 hours per week, six days per week.

50.    From approximately March 2015 until on or about July 2017, Plaintiff Zeas was paid his wages by check.

51.    From approximately March 2015 until on or about July 2017, Defendants paid Plaintiff Zeas $7.50 per hour.

52.    However, Defendants failed to pay Plaintiff Zeas his weekly wages on four occasions due to bounced checks. In addition, Plaintiff Zeas had to pay bank fees due to the returned checks.

53.    Plaintiff Zeas's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

54.    For example, throughout his entire employment, Defendants required Plaintiff Zeas to work at least one hour past his regular departure time cleaning the Third Avenue location, and did not pay him for the additional time worked.

55.    Defendants never granted Plaintiff Zeas any break or meal period of any kind.

56.     Plaintiff Zeas was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

57.     Plaintiff Zeas was never notified by Defendants that his tips were being included as an offset for wages.

58.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Zeas's wages.

59.     Furthermore, Defendants did not provide Plaintiff Zeas with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Zeas regarding overtime and wages under the FLSA and NYLL.

61.     Defendants did not give any notice to Plaintiff Zeas, in English and in Spanish (Plaintiff Zeas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     Defendants required Plaintiff Zeas to purchase "tools of the trade" with his own funds—including one bicycle and additional costs for bicycle repairs and supplies.

*Plaintiff Carlos Alvaro Montiel Gutierrez*

63.     Plaintiff Montiel was employed by Defendants from approximately August 2015 until on or about December 2015.

64.     Defendants ostensibly employed Plaintiff Montiel as a delivery worker.

65.     However, Plaintiff Montiel was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

66.     Although Plaintiff Montiel was ostensibly employed as a delivery worker, he spent over twenty percent of each day performing non-delivery work throughout his employment with Defendants.

67.     Plaintiff Montiel regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

68.     Plaintiff Montiel's work duties required neither discretion nor independent judgment.

69.     From approximately August 2015 until on or about November 2015, Plaintiff Montiel worked from approximately 10:00 a.m. until on or about 4:30 p.m. Mondays through Fridays and Sundays at the Third Avenue location (typically 39 hours per week).

70.     From approximately November 2015 until on or about December 2015, Plaintiff Montiel worked from approximately 10:00 a.m. until on or about 4:30 p.m. Mondays through Fridays at the Third Avenue location (typically 32.5 hours per week).

71.     For a period of one week in December 2015, Plaintiff Montiel worked from approximately 11:00 a.m. until on or about 3:30 p.m. Mondays through Fridays at the Second Avenue location (typically 22.5 hours per week).

72.     From approximately August 2015 until on or about September 2015, Plaintiff Montiel was paid his wages in cash.

73.     From approximately September 2015 until on or about December 2015, Plaintiff Montiel was paid his wages by check; however, four of the checks he received bounced and defendants refused to pay him for three pay periods.

74.     From approximately August 2015 until on or about December 2015, Defendants paid Plaintiff Montiel $6.00 per hour.

75.     Plaintiff Montiel's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

76.     In fact, Defendants regularly required Plaintiff Montiel to work 30 minutes past his departure time and did not pay him for the additional time worked.

77.     Defendants never granted Plaintiff Montiel any break or meal period of any kind.

78.     From approximately August 2015 until on or about November 2015, Plaintiff Montiel was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked; in addition, he was not paid for the hours he actually worked.

79.     Although from approximately November 2015 until on or about December 2015, Defendants required Plaintiff Montiel to punch in and out of work, his paychecks never paid him for the actual hours he had worked.

80.     Plaintiff Montiel was never notified by Defendants that his tips were being included as an offset for wages.

81.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Montiel's wages.

82.     Furthermore, Defendants did not provide Plaintiff Montiel with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

83.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Montiel regarding overtime and wages under the FLSA and NYLL.

84.     Defendants did not give any notice to Plaintiff Montiel, in English and in Spanish (Plaintiff Montiel's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

85.    Defendants required Plaintiff Montiel to purchase "tools of the trade" with his own funds—including a motorized bicycle, a helmet, a vest, a chain and lock and additional costs for bike repairs.

*Defendants' General Employment Practices*

86.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

87.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

88.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

89.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

90.    Defendants required Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

91.    Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

92.    These Plaintiffs were paid at the lowered tip-credited rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded twenty percent of each workday (or 2 hours a day, whichever was less).

12 N.Y. C.R.R. § 146.

93.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

94.    Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described above.

95.    In violation of federal and state law, as discussed above, Defendants classified Plaintiffs as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

96.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

97.    Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

98.    Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

99.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

100.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of

minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

101.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

102.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

103.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

104.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

105.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

106.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 class Period").

107.    At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

108.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

109.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

110.    Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were

employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

111.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

112.    There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f)  Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h)  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

113.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

114.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

115.    The common questions of law and fact predominate over questions affecting only individual members.

116.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

117.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the class as a whole.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

120.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

121.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

122.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate.

123.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

124.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the

FLSA and Rule 23 class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

127.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

128.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

131.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members) less than the minimum wage.

132.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE

### NEW YORK STATE LABOR LAW)

133.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

134. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

135. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

136. Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

137. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

138. Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

139. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

140. Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (VIOLATION OF THE NOTICE AND RECORDKEEPING

REQUIREMENTS OF THE NEW YORK LABOR LAW)

141.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

143.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### (VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW)

144.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

145.    With each payment of wages, Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with an accurate statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime

hours worked, as required by NYLL 195(3).

146.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## (RECOVERY OF EQUIPMENT COSTS)

147.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

148.    Defendants required Plaintiffs (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

149.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 class members;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs (and the FLSA and Rule 23 class members);

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' (and the FLSA and Rule 23 class members) compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs (and the FLSA and Rule 23 class members);

(m)      Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)      Awarding Plaintiffs and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 3, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
————

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 3, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Guillermo Zeas

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            03 de octubre de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 29, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Carlos Alvaro Montiel Gutierrez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 *Carlos Alvaro Montiel*

Date / Fecha:                      29 de abril de 2016